UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANTIAGO GARCES TABARES,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility; DAVID WESLING, Boston Field Office Director, U.S. Immigrations and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; and KRISTI NOEM, U.S. Secretary of Homeland Security; and PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | Civil Action No. 1:25-cv-13419-IT |

MEMORANDUM & ORDER

November 20, 2025

TALWANI, D.J.

Petitioner Santiago Garces Tabares is a Colombian national who entered the United States on or about March 6, 2024, at which point Petitioner was detained upon entry. Pet. ¶¶ 1, 14 [Doc. No. 1]. Following Petitioner's entry, the Department of Homeland Security ("DHS") released him and commenced removal proceedings pursuant to 8 U.S.C. § 1229a, which remain pending. Id. ¶¶ 1, 15-16. Petitioner alleges, and Respondents do not contest, that on November 12, 2025, federal immigration officials arrested Petitioner and placed him in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Id. ¶ 2. Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, MA. Id. ¶ 17.

On November 17, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that, because of "his residence and release within the United States" since 2024, Petitioner is subject to detention pursuant to "8 U.S.C. § 1226(a), which requires a prompt, individualized bond hearing[.]" Id. ¶ 18.

Respondents concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), Elias Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), and Maza v. Hyde, __ F. Supp. 3d __, 2025 WL 2951922 (D. Mass. Oct. 20, 2025)." Respondents' Abbrev. Resp. 1 [Doc. No. 6] (cleaned up).

Though Respondents note their disagreement with these decisions, "Respondents acknowledge that, should the Court follow its reasoning in Doe, [Elias] Escobar, and Maza, it would likely reach the same result here." Id.

Nothing in the record indicates that Petitioner, who has resided in the United States since 2024, was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe remains correct and that Petitioner's detention is governed by 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (D. Mass. Oct. 20, 2025) (citing cases reaching the same conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than November 26, 2025, Garces Tabares must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the

immigration judge to retain Garces Tabares in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

    IT IS SO ORDERED.

November 20, 2025                                            /s/ Indira Talwani
                                                                                United States District Judge